UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN CARTER,

    Plaintiff,                                  CASE NO. 8:14-cv-00117-MSS-TGW

vs.                                              JURY TRIAL DEMANDED

CMRE FINANCIAL SERVICES, INC.

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Steven Carter ("Plaintiff"), alleges the following Amended Complaint against Defendant, CMRE Financial Services, Inc. ("CMRE"):

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq.*

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

4. CMRE is a foreign company with its principal place of business in California. CMRE has a registered agent located in the State of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in Highlands County, Florida.

5.     CMRE is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     On or around October 2012, Plaintiff incurred a medical debt associated with emergency medical services provided to Plaintiff by Florida Hospital Heartland Medical Center / Sebring Emergency Physicians.

7.     Shortly thereafter, Plaintiff allegedly defaulted on the subject debt.

8.     The amount of the subject debt was $921.00.

9.     The subject debt constituted a "consumer debt" under the FDCPA and FCCPA because it was an obligation for the payment of money and/or services for primarily personal, family, or household purposes.

10.    After the time that Plaintiff defaulted on the alleged subject debt, CMRE was retained to collect the subject debt from Plaintiff.

11.    CMRE made patent misrepresentations regarding the urgency of resolving the subject debt to scare Plaintiff into making immediate payment. For example, on October 1, 2013, CMRE represented in a letter to Plaintiff that "***This is our final attempt to assist you***" and directed Plaintiff to ". . . contact our office *immediately* to discuss options available to help you resolve your outstanding debt" (emphasis added). A copy of CMRE's October 1, 2013 letter is attached as **Exhibit A**.

12.    However, a month-and-a-half later on November 14, 2013, CMRE sent Plaintiff another collection letter and offered again to assist Plaintiff by making an even better settlement offer. In that letter, CMRE stated: "***In an effort to assist you in resolving your account*** with Pendrick Capital Partners, we have been authorized to extend you an offer to settle your account

[for $276.30 less than CMRE demanded in their October 1, 2013 letter] (emphasis added). A copy of CMRE's November 14, 2013 letter is attached as **Exhibit B**.

13. In reality, CMRE's October 1, 2013 letter was never a "final" collection attempt; rather, CMRE planned to continue its collection efforts, and even offer Plaintiff a lower settlement if Plaintiff did not initially respond.

14. CMRE only threatened that it was a "final" attempt and that Plaintiff needed to pay "immediately" to create a false sense of urgency so that Plaintiff would pay the full amount before CMRE made its reduced offer.

15. Additionally, CMRE routinely used an automatic telephone dialing system to call Plaintiff on his cellular phone and/or leave prerecorded messages on Plaintiff's cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, including but not limited to on October 11, 2013, October 14, 2013, October 18, 2013, October 21, 2013, October 25, 2013, October 28, 2013, November 11, 2013, November 15, 2013, and November 18, 2013.

16. All of the calls referenced in paragraph 25 above were either automated and/or prerecorded. When Plaintiff picked up his cellular phone, the calls prompted Plaintiff to press a button in order to get a live person on the phone from CMRE.

17. The initial content of the automated calls and/or prerecorded messages was the same in each of the calls that Plaintiff received from CMRE.

18. None of the calls placed by CMRE were for emergency purposes.

19. During the telephone call on November 18, 2013, after Plaintiff complied with the initial prompt to speak with a representative of CMRE, the representative threatened that CMRE would take Plaintiff "to court" if Plaintiff did not pay the subject debt. This was another false threat by CMRE. Indeed, Plaintiff has not paid the subject debt and CMRE has not filed a lawsuit against

Plaintiff to date. Further, based on the amount of the subject debt in question and the costs to retain a lawyer to pursue a case against Plaintiff, CMRE never had any intention of actually suing Plaintiff on the subject debt.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

*(Plaintiff vs. CMRE)*

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as though stated fully herein.

21. The foregoing acts and omissions of CMRE constitute numerous and multiple violations of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

22. As a result of CMRE's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against CMRE for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

*(Plaintiff vs. CMRE)*

23. Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

24. CMRE placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. CMRE had knowledge of the restrictions placed on it by the TCPA's statutory provisions. CMRE knowingly violated the TCPA during its placement of each of the above-referenced autodialed calls to Plaintiff's cellular phone.

26. As a result of the above-referenced violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to statutory damages in an amount up to $1,500.00 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against CMRE for damages, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:    January 24, 2014**

                                **DISPARTI FOWKES & HASANBASIC, P.A.**

                                /s/ Ryan Hasanbasic
                                Ryan C. Hasanbasic, Esq.
                                Fla. Bar No. 044119
                                Paul R. Fowkes, Esq.
                                Fla. Bar No. 723886
                                2203 N. Lois Avenue, Suite 830
                                Tampa, Florida 33607
                                (813) 221-0500
                                (813) 228-7077 (Facsimile)
                                *Attorneys for Plaintiff*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                                              **DISPARTI FOWKES & HASANBASIC, P.A.**

                                              /s/ Ryan Hasanbasic
                                              Ryan C. Hasanbasic, Esq.
                                              Fla. Bar No. 044119
                                              Paul R. Fowkes, Esq.
                                              Fla. Bar No. 723886
                                              2203 N. Lois Avenue, Suite 830
                                              Tampa, Florida 33607
                                              (813) 221-0500
                                              (813) 228-7077 (Facsimile)
                                              *Attorneys for Plaintiff*